**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

MARC J. GOLDNER, Goldner Blatt Investments, LLC, Rachel Korsen, Simon Divilov, Jasmine Garcia, and The Dharma Initiative, LLC,

Plaintiff,

Case No. 1:26-cv-23010-DPG

v.

ELI M. BLATT, Megacap Capital, LLC, Megacap Funds, LP, Megacap Funds, LP – Tech Holding, Megacap Funds, LP – Tech I, Megacap Funds, LP – SpaceX I, Anthropos, LLC, Mythic Alpha, LLC, Thinkable, LLC, Michael Elkins, Wayaca, LLC, Flow, Inc., BitSource, LLC, JPMorgan Chase & Co., and Bank of America Corporation,

Defendants.
_____________________________________________/

**Eli M BLATT; MEGACAP CAPITAL, LLC'S; MEGACAP FUNDS, LP; MEGACAP FUNDS, LP - SPACEX; MEGACAP FUNDS, LP - TECH I; MEGACAP FUNDS, LP - TECH HOLDING; ANTHROPOS LLC'S; BITSOURCE LLC'S; THINKABLE LLC'S; WAYACA LLC'S; MYTHIC ALPHA, LLC'S; AND MICHAEL ELKINS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendants Megacap Capital, LLC; Megacap Funds, LP; Megacap Funds, LP – Tech Holding; Megacap Funds, LP – Tech I; Megacap Funds, LP – SpaceX I; Anthropos, LLC; BitSource, LLC; Thinkable, LLC; Wayaca, LLC; Mythic Alpha, LLC; and Michael Elkins' (collectively, "Defendants"), by and through their respective undersigned counsel, respectfully move this Court to dismiss all claims asserted against them in Plaintiffs' Complaint and, in support thereof, state as follows:

**PRELIMINARY STATEMENT**

1. On April 28, 2026, Plaintiffs filed their forty-two (42) count Complaint [DE 1].

2. The Complaint is: (1) against 15 Defendants; (2) pled in 42 counts; (3) comprising 397 pages; and (4) 2,116 paragraphs. *See* DE 1.

3. Because the Complaint fails to provide Defendants fair notice of the claims asserted against them and the factual basis supporting those claims, it constitutes an impermissible shotgun pleading and should be dismissed.

**STANDARD FOR A MOTION TO DISMISS BASED ON SHOTGUN PLEADING**

It is axiomatic that a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The instant complaint violates this rule and is a prohibited "shotgun pleading." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). While the Eleventh Circuit has articulated four categories of shotgun pleadings, "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Peraza v. Portfolio Recovery Associates, LLC*, Case No. 19-20052-CIV-MORENO, 2019 WL 13234107, at *2 (S.D. Fla. May 13, 2019) (*citing Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015)); *see also Waxman v. Equitable Life Assur. Society of U.S.*, Case No. 07-80942-CIV, 2008 WL 619321, at *2 (S.D. Fla. Mar. 4, 2008) ("The Eleventh Circuit has frowned on such

'shotgun pleading,' as it prevents defendants from understanding the nature of their alleged wrongdoing, thereby preventing them from forming reasonable responses to the allegations."); *Beckwith v. Bellsouth Telecommunications Inc.,* 146 Fed. App'x. 368, 371 (11th Cir. 2005) ("The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'"). In this way, shotgun pleadings are "calculated to confuse the enemy, and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked." *Barmapov*, 986 F.3d at 1324 (internal quotes and citation omitted).

## ARGUMENT

### I. The Court Should Dismiss the Complaint as a Shotgun Pleading.

As referenced above, Plaintiffs' Complaint does precisely this in spectacular fashion. The monstrous, incomprehensible Complaint is: (1) against 15 Defendants; (2) pleaded in 42 counts; (3) 397 pages; and (4) spans 2,116 paragraphs. Further, the approximately 1,300 paragraphs of "Common Allegations to the Complaint," incorporated into each count are replete with irrelevant asides to other parties, different lawsuits, and taxi rides in Dubai.

The foregoing deficiencies render the Complaint "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015). In fact, complaints of far lesser magnitude than the present one were deemed shotgun pleadings in violation of the Federal Rules of Civil Procedure. *See, e.g.*, *Yeyille v. Miami Dade Cnty. Pub. Schs.*, 643 F. App'x 882, 884 (11th Cir. 2016) ("Rather than using short and plain statements as required by the Federal Rules, the third amended complaint included an 85-paragraph fact section spanning 31 pages…. Many of the facts were not obviously related to any of [the plaintiff's] claims….")

(finding the complaint to be "a quintessential shotgun pleading"); *see Adams v. Huntsville Hosp.*, 819 Fed App'x 836, 839 (11th Cir. 2020) ("In addition, due to its length, 72 pages, number of paragraphs, 242, and counts, 15, the pleading cannot be considered a short and plain statement of the claims showing that [the plaintiff] is entitled to relief."); *see also Osahar v. U.S. Postal Service*, 297 Fed. App'x 863, 864 (11th Cir. 2008) ("The 62-page document is a quintessential 'shotgun' pleading replete with factual allegations and rambling legal conclusions.") (holding that the complaint was "neither short nor plain").

The Complaint is so long and convoluted, it renders the aforementioned terse-by-comparison shotgun complaints—registering a mere 62 pages and 72 pages, 242 paragraphs, and 15 counts, respectively—"short and plain" by comparison. It massively surpasses the impropriety of these other violative complaints in every facet, with literally an order-of-magnitude more factual allegations than, and more than 5-times the page count of the shotgun complaint in *Adams v. Huntsville Hosp.* As a result, Plaintiffs' Complaint is a textbook violation of Rule 8(a)(2)'s dual "short" and "plain" requirements. Failing to rule that Plaintiffs' Complaint is a shotgun pleading would completely reset the bar on what counts as either "short" or "plain" in a way that is completely contrary to the plain meaning of either term.

Thus, from the outset, the Complaint is a glaring violation of one of the most essential pleading standards, Rule 8(a)(2)'s short and plain statement requirement, rendering the Complaint an impermissible shotgun pleading. As such, the Complaint should be dismissed for failing to state any claim on its face by disregarding the Federal Rules of Civil Procedure.

When diving into the abyss of general allegations—of which there are 1,319 numbered paragraphs—one uncovers even more violative shotgun pleading tactics requiring dismissal. Specifically, Plaintiffs consistently incorporate immaterial, vague, and conclusory allegations into

every cause of action. This reality is apparent from the very first count. Count I for "Breach of Contract – MegaCap February 2023 Resolutions," located at page 208 of the Complaint at paragraph 1,320, purportedly seeks relief for the alleged breach of a February 2023 contract. Despite this title, Plaintiffs incorporate hundreds of irrelevant allegations, including, but not limited to: statements about other lawsuits involving Defendant, ELI M. BLATT (*Complaint* ¶¶ 31-37); taxi rides in Abu Dhabi, seeing Steve Wozniak outside an event, and a dinner at Amazonico in 2021 (*Complaint* ¶¶ 203-208); dealings with "CP-Wyoming-Dubai," a promissory note dispute with a Nathan Garza-Mendoza, and fear of the "Chechen mafia" through January 2023 (*Complaint* ¶¶ 209-296); events in other litigation and vague conclusions that Plaintiff, ELI M. BLATT, "had purposefully, *alternatively* grossly negligently, *alternatively* negligently, hidden this secret withdrawn [sic] and fraudulently concealed it from Mr. Goldner" and that Plaintiffs can go to court (*Complaint* ¶¶ 684–687); more discussion of other litigation (*Complaint* ¶¶ 824–828); legal conclusions of aiding and abetting by another entity party (*Complaint* ¶¶ 844–851); even more discussion of other litigation (*Complaint* ¶ 875); complaints against the bank parties and Defendant, FLOW, INC. (*Complaint* ¶¶ 876–1248); and, of course, a final reference to other litigation (*Complaint* ¶ 1318).

Similarly, only 4 of the 42 counts are directed against Attorney Elkins, individually, yet Plaintiffs incorporate over 650 paragraphs of allegations concerning unrelated business ventures, dealings between other parties, separate litigation, investment disputes, banking activiites, and alleged conduct that has nothing to do with either Attorney Elkins' underlying engagement, or the claims *apparently* being presented against him through the Complaint. As a result, Attorney Elkins has no idea which facts apply to the causes of action against him specifically. He should not be required to sift through the morass of Goldner's tome to determine what facts are alleged against

him directly.

This pleading style is the antithesis of acceptable. A breach of contract claim requires the sole elements of: (1) a valid contract; (2) a material breach; and (3) damages. *Cibran Enters., Inc. v. BP Prods. N. Am., Inc.*, 365 F. Supp. 2d 1241, 1254 (S.D. Fla. 2005). Simply put, the vast majority of the hundreds of paragraphs of allegations incorporated into Count I has absolutely nothing to do with the breach of contract claim purportedly advanced. Instead, the claim raises a meandering recollection of stories from years prior to the creation of the alleged contract, overseas experiences by Plaintiff, MARC GOLDNER, random legal conclusions, and issues with other parties (and non-parties) not subject to the contract claim. Every single count in the Complaint is pleaded the same way—incorporating hundreds of immaterial and conclusory claims that stretch well beyond any conceivable connection to the count.

Further, the Complaint is replete with conclusory, vague and immaterial factual allegations that can only have been designed to confuse the Court and the 15 Defendants inexplicably lumped together in a single complaint for totally disparate alleged offenses, while failing to state even a single coherent cause of action against any one of them. As a result, Defendants literally are unable to piece together what is being alleged against whom on the basis of what factual allegations and thus cannot substantively address the Complaint.[1]

"A district court has the inherent authority to control its docket and ensure the prompt resolution of lawsuits, which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (internal quotes and citation omitted) (noting that shotgun pleadings "waste scarce judicial resources, inexorably

---

[1] For example, while Goldner's allegations appear to likely implicate a variety of arguments for dismissal under Rule 12(b)(6), until the allegations are properly presented in a Rules-compliant pleading, Defendants are unable to reach those arguments, which Defendants expressly preserve. *See Conaway v. Carnival Corporation*, No. 25-cv-24989-BLOOM/Elfenbein, 2026 WL 2444569, at *3 (S.D. Fla. Aug. 20, 2026).

broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts"). The Court should exercise this powers to dismiss this Complaint on shotgun pleading grounds as it is an astoundingly flagrant and unapologetic violation of basic pleading standards, which is already wasting judicial resources.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss the entire Complaint as a flagrantly impermissible shotgun pleading under Rules 8(a) and 10(b) and grant such other and further relief as the Court deems just and proper.

Dated this 15th day of September, 2026.

/s Brad E. Kelsky
Kelsky Law, P.A.
150 S. Pine Island Rd
Suite 300
Plantation, FL 33324
954.449.1400
Fax: 954.449.8986
Primary: bradkelsky@kelskylaw.com
Secondary: barbarallinas@kelskylaw.com
FBN: 0059307

*Counsel for Megacap Capital, LLC; Megacap Funds, LP; Megacap Funds, LP – Tech Holding; Megacap Funds, LP – Tech I; Megacap Funds, LP – SpaceX I; Anthropos, LLC; BitSource, LLC; Thinkable, LLC; Wayaca, LLC; and Mythic Alpha, LLC*

FREEMAN MATHIS & GARY, LLP
9130 S. Dadeland Blvd., Suite 2000
Miami, FL 33156
305-670-3700

By: /s/ Christopher J. Fraga
Robert M. Klein, Esq.
Robert.Klein@fmglaw.com
Martica.Carrillo@fmglaw.com
Florida Bar No. 230022
Christopher J. Fraga, Esq.
Christopher.Fraga@fmglaw.com
Karla.Fathauer@fmglaw.com
Florida Bar No. 1010228

*Counsel for Michael Elkins*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served upon all counsel of record through CM/ECF this 15th day of September, 2026 as follows:

Stanley Quinn Casey, Esq.
515 N Flagler Dr., Suite 350
West Palm Beach, FL 33401
scasey@sqcaseylaw.com

/s Brad E. Kelsky
BRAD E. KELSKY
FBN: 0059307