**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-23010-DPG

MARC J. GOLDNER, Goldner Blatt Investments, LLC, Rachel Korsen, Simon Divilov, Jasmine Garcia, and The Dharma Initiative, LLC,

Plaintiffs,

v.

ELI M. BLATT, Megacap Capital, LLC, Megacap Funds, LP, Megacap Funds, LP – Tech Holding, Megacap Funds, LP – Tech I, Megacap Funds, LP – SpaceX I, Anthropos, LLC, Mythic Alpha, LLC, Thinkable, LLC, Michael Elkins, Wayaca, LLC, Flow, Inc., BitSource, LLC, JPMorgan Chase & Co., and Bank of America Corporation,

Defendants.
_____________________________________/

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT [DE 73]**

Defendants, Eli M. Blatt, Megacap Capital, LLC; Megacap Funds, LP; Megacap Funds, LP – Tech Holding; Megacap Funds, LP – Tech I; Megacap Funds, LP – SpaceX I; Anthropos, LLC; BitSource, LLC; Thinkable, LLC; Wayaca, LLC; and Mythic Alpha, LLC (collectively, "Defendants") reply to Plaintiffs' Opposition [DE 85] ("Opposition" or "Opp.") to Defendants' Motion to Dismiss [DE 73] (the "Motion"). Defendant Michael Elkins, who joined in the Motion, has sought leave to file a separate reply [DE 104]. As that motion has not been ruled upon, and as the Court ordered the Reply to be filed no later than November 15, 2026 [DE 95], Defendants file this Reply to maintain compliance with the Court's order.

## ARGUMENT

### I. Plaintiffs' Own Arithmetic Establishes the Shotgun Defect.

The Opposition's central claim is that the Complaint uses "selected incorporation ranges" rather than blanket incorporation. Opp. at 4–6. The ranges Plaintiffs describe are not selective. By Plaintiffs' count, Count I—a three-element breach-of-contract claim—incorporates 915 of the 1,319 common allegations, including the entire block of Paragraphs 661–1248. Opp. at 4–5. Plaintiffs' own footnote confirms the pattern across the pleading: Count XXI incorporates all but 124 common allegations; Count XXXVIII (Civil RICO) all but 137; Counts XXII and XXIII all but 238. Opp. at 15 n.14. Omitting a few hundred paragraphs from a 1,319-paragraph scattered narrative and incorporating the remaining nine hundred to twelve hundred paragraphs into each of forty-two counts, is the *Weiland* second-category shotgun defect, not a cure for it. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015)("The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."). The Eleventh Circuit has said that federal courts have "little tolerance" for shotgun pleadings. *Barmapov v. Amuial,* 986 F.3d 1321, 1324 (11th Cir. 2021)("Shotgun pleadings are flatly forbidden by the spirit, if not the letter, of these rules because they are calculated to confuse the 'enemy' and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked.")(internal citations and quotation marks omitted). Plaintiffs' Complaint deliberately seeks to sow confusion and prejudice upon Defendants.

Plaintiffs' defense of the incorporated voluminous material confirms its immateriality. They explain that the Abu Dhabi, Wozniak, and Amazonico allegations "frame a timeline," that the bank and Flow allegations "explain the mechanics and consequences" of other events, and that the prior-litigation allegations "explain[] the parties' competing positions." Opp. at 7–8. Context, mechanics, and competing positions are not facts that establish a valid contract, a breach, or damages. Plaintiffs do not identify a single incorporated paragraph among Paragraphs 203–296 or Paragraphs 876–1248 that supports an element of Count I. Allegations that a plaintiff concedes are included for background rather than to support the claim are, by definition, "immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322.

II. **Recognizing a Count's Label Is Not Notice of Its Factual Basis.**

Plaintiffs argue that because the Motion could identify Count I's title, its contract, and the elements of a contract claim, Defendants have notice. Opp. at 1–2, 6. The test is not whether a defendant can read a heading. It is whether the pleading makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Weiland*, 792 F.3d at 1325 (internal citation, quotations, and emphasis omitted). Every Defendant named in Count I must admit or deny each of the 915 incorporated paragraphs, Fed. R. Civ. P. 8(b)(1)(B), without knowing which of them Plaintiffs will later contend establishes the breach. That burden is multiplied across forty-two counts and fifteen defendants. The Opposition never explains how a defendant is to frame an answer to a count that incorporates a Dubai taxi ride, a dispute with a non-party over a promissory note, and the "Chechen mafia," other than by answering all of it.

Plaintiffs also fault the Motion for not performing a "count-specific analysis" for each moving Defendant. Opp. at 11. That inverts the burden and seemingly fails to understand that this was not a Rule 12(b)(6) motion. Rules 8(a)(2) and 10(b) require the pleader to connect the facts to

each claim; a defendant is not required to do it for them, and their inability to do so is the defect. *See Weiland*, 792 F.3d at 1323 ("The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."). The pattern Plaintiffs' own footnote describes runs through the counts against every moving Defendant. Opp. at 15 n.14.

Plaintiffs' authorities do not hold otherwise. *Weiland* and *Inform Inc. v. Google LLC*, 2022 WL 3703958 (11th Cir. 2022), involved pleadings a fraction of this length in which the court could trace the facts to the counts. *Okposio v. Barry University, Inc.*, 2023 WL 7484223 (11th Cir. 2023), involved a *pro se* plaintiff, where the court "afford[s] leeway to *pro se* litigants when it comes to conforming to pleadings rules." *Id.* at *2. None of the decisions relied upon by Plaintiffs holds that a count in a pleading submitted by an attorney may incorporate nine hundred stream-of-consciousness paragraphs. And *Vibe Micro*'s observation that its discussion was not "an indictment against all long complaints," was made in affirming dismissal of a pleading of fewer than a hundred pages. *Vibe Micro, Inc., v. Shabanets*, 878 F.3d 1291, 1293 n. 2 (11th Cir. 2018).

Nor does Rule 9(b) justify the Complaint's length. Opp. at 13. "Where it applies, Rule 9(b) requires that fraud be pleaded with specificity and that a complaint allege the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." *Dr. Jeff Isaacs v. Google LLC*, 2026 WL 3459177 at *6 (11th Cir. Nov. 13, 2026)(internal quotations omitted). "Second, a plaintiff needs to plead the who, what, when, where, and how regarding a claim only when Rule 9(b)'s heightened pleading standard applies." *Young v. Grand Canyon Univ., Inc.*, 57 F.4th 861, 878 (11th Cir. 2023). Incorporating the same nine hundred or more paragraphs about other transactions and other parties into each fraud count does the opposite: it

buries whatever specifics exist and leaves each Defendant to guess which of them are charged to it.

### III. There is no bar to Defendants filing a Rule 12(b)(6) motion when and if the Court grants Plaintiffs the right to amend to attempt to cure their shotgun pleading.

Plaintiffs' reliance upon *Conaway v. Carnival Corp.*, 2026 WL 2444569 (S.D. Fla. Aug. 20, 2026) is misplaced and establishes Defendants' right to seek dismissal under Rule 12(b)(6) motion. There, the Court found that "[d]ismissal on shotgun pleading grounds is a dismissal pursuant to Rule (8)(a)(2) or Rule 10(b), not Rule 12." *Id.* at *3. Thus, even under Plaintiffs' cited case law, dismissal of a shotgun pleading does not negate the ability to raise a Rule 12(b)(6) motion when and if there is an amended pleading.[1] *Id.* The Motion only invoked Rules 8(a) and 10(b) [DE 73 at 2 and 7], and a shotgun-pleading challenge arises under those Rules. Having never made a Rule 12(b)(6) motion or any other Rule 12 motion, Defendants never waived a prospective 12(b)(6) motion for a future pleading.

The remaining footnotes in the Opposition—concerning forum selection, the authority of counsel for the entity Defendants, and the merits of Mr. Blatt's other litigation, *see* Opp. at 10 n.8 and 12 n.9—are not directed to any issue raised by the Motion and require no response.

---

[1] It should be noted that Plaintiffs seemingly recognize their Complaint is a shotgun pleading because they request the right to amend if the Court determines so. However, no formal motion has been filed and, under the circumstances, the most the Court should do is give Plaintiffs one chance to correct their shotgun pleading before dismissing the case with prejudice should a second shotgun pleading occur. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018).

## CONCLUSION

The Complaint is a shotgun pleading and, accordingly, the Court should dismiss the Complaint.

Dated this 15th day of November, 2026.

/s Brad E. Kelsky
Kelsky Law, P.A.
150 S. Pine Island Rd
Suite 300
Plantation, FL 33324
954.449.1400
Fax: 954.449.8986
Primary: bradkelsky@kelskylaw.com
Secondary: barbarallinas@kelskylaw.com
FBN: 0059307

*Counsel for Megacap Capital, LLC; Megacap Funds, LP; Megacap Funds, LP – Tech Holding; Megacap Funds, LP – Tech I; Megacap Funds, LP – SpaceX I; Anthropos, LLC; BitSource, LLC; Thinkable, LLC; Wayaca, LLC; and Mythic Alpha, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served upon all counsel of record through CM/ECF this 15th day of November, 2026.

/s Brad E. Kelsky
BRAD E. KELSKY
FBN: 0059307